IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES DYSON, | ) | CASE NO. 5:13-cv-00321 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| v. | ) | |
| | ) | |
| TERRY TIBBALS, Warden,[1] | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

On February 13, 2013, *pro se* Petitioner Charles Dyson ("Dyson") filed a Petition for

Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition").  Doc. 1.   Dyson challenges the

constitutionality of his conviction and sentence following his guilty plea in *State of Ohio v.*

*Charles Dyson*, Case No. 09-CR-0031 (Wayne County).  In response, on September 16, 2013,

Respondent filed a Motion to Dismiss arguing that Dyson's grounds for relief are not cognizable

and/or are procedurally defaulted.  Doc. 5.  On December 2, 2013, Dyson filed an Opposition.

Doc. 10.  In his Opposition, Dyson argues that his grounds for relief are cognizable and not

procedurally defaulted.  Doc. 10.

This matter has been referred to the undersigned Magistrate Judge for a Report and

Recommendation pursuant to Local Rule 72.2.  For the reasons set forth below, the undersigned

---

[1] When filing his Motion to Dismiss on September 16, 2013, Respondent indicated that Dave Marquis was the
Acting Warden of the Mansfield Correctional Institution, the institution where Dyson was incarcerated, and that Al
Lazaroff would be the Warden as of October 6, 2013.  Doc.  5, p. 1.  Subsequently, on October 21, 2013, Dyson
filed an address change indicating that his address was 940 Marion-Williamsport Rd, Marion, Ohio 43301 (Doc. 9)
and, in his December 2, 2013, Opposition to Respondent's Motion to Dismiss, Dyson states he is at Marion
Correctional Institution and that the Warden is Jason Bunting (Doc. 10, p. 2).

recommends that Respondent's Motion to Dismiss (Doc. 5) be **GRANTED** and Dyson's Petition (Doc. 1) be **DIMISSED WITH PREJUDICE**.

## I.     Grounds for Relief Alleged in the Petition

In his Petition, Dyson asserts the following four Grounds for Relief:

> <u>**Ground One**</u>: The Petitioner was denied his equal protection, due process rights guaranteed under the Sixth and Fourteenth Amendments of the United States Constitution.
>
> **Supporting Facts**: On April 23, 2009 the trial court imposed a sentence that is well above and beyond the maximum penalty prescribed by law, The trial court sentenced the defendant under a statue that he was never indicted for, nor convicted of and included a sentence enhancement statute in order to give the defendant a life sentence.
>
> <u>**Ground Two**</u>: The Petitioner was denied his equal protection, due process rights guaranteed under the Sixth and Fourteenth Amendments of the United States Constitution.
>
> **Supporting Facts**: The defendant was given a sentence above the maximum sentence allowed, counsel that was appointed was incompetent, he did not prepare himself for trial, call witnesses, or properly investigate the case.  He was informed that the said defendant wanted to take case to trial.  in return he advised the defendant that he could not argue facts of case and if taken to trial and the case was lost that the defendant would spend the rest of his life in prison, defendant entered a plea to the indictment and received a life sentence with a possibility of parole after serving ten years, prosecutor provides that defendant was sentenced pursuant to R.C. 2971.03 accordingly the journal entry provides that the defendant was sentenced pursuant to R.C. 2907.02(a)(1)(b) if true the defendants sentence includes a sentence enhancement statute that the defendant was never indicted, charged with, or convicted of, defendant was also designated a tier 3 sex offender on a first time sex offense.
>
> <u>**Ground Three**</u>: The Petitioner was denied his due process rights guaranteed by the Sixth Amendment of the United States Constitution.
>
> **Supporting Facts**: The trial court failed to inform defendant of his rights to appeal pursuant to criminal r. 32(b) or time limits.  The court failed to appoint counsel for the purpose of appeal, or provide necessary paperwork needed for appeal process, in order for the defendant to file a timely notice of appeal.

**Ground Four**: The Petitioner was denied his equal protection, due process rights guaranteed under the Sixth and Fourteenth Amendments of the United States Constitution.

**Supporting Facts**: Defendant filed a motion for re-sentencing under de-novo because his sentence is listed under a statute that the defendant was never charged with, indicted for, nor convicted under, R.C. 2971.03 is the sentencing guide line for sexually violent offenders with predator specifications listed in the indictment, the defendants indictment does not contain any specifications of any kind.

Doc. 1, pp. 6-12.

## II.     State Procedural Background

### A.     State conviction

On January 16, 2009, the Wayne County Grand Jury indicted Dyson on two counts of rape of a victim under the age of 13, both felonies of the first degree, in violation of Ohio Revised Code § 2907.02(A)(1)(b).[2] Doc. 5-1, p. 8 (Exhibit 1).   At his arraignment on January 28, 2009, Dyson entered a plea of "Not Guilty." Doc. 5-1, p. 9 (Exhibit 2).   Thereafter, on April 23, 2009, Dyson withdrew his plea of "Not Guilty" and entered a plea of "Guilty" as to Count One.  Doc. 5-1, pp. 10-13 (Exhibit 3); Doc. 5-1, p. 14 (Exhibit 4).  In entering his guilty plea, Dyson acknowledged his appellate rights by signing the plea form.  Doc. 5-1, p. 13 (Exhibit 3). His plea form included the following statement: "I understand my right to appeal a maximum sentence, my other limited appellate rights, and that any appeal must be filed within 30 days of my sentence."  Doc. 5-1, p. 13 (Exhibit 3).

On April 23, 2009, the trial court accepted Dyson's plea and found Dyson guilty with respect to Count One.[3]  Doc. 5-1, pp. 14-15 (Exhibit 4).  The trial court sentenced Dyson to a term of ten (10) years to life in prison under Count One for the violation of Ohio Revised Code §

---

[2] The victim was Dyson's 11 year old daughter.  Doc. 6, p. 4 (April 23, 2009, Sentencing Transcript).

[3] Count Two was dismissed.  Doc. 5-1, pp. 14-15 (Exhibit 4).

2907.02(A)(1)(b), with a mandatory ten years.  Doc. 5-1, pp. 14-15 (Exhibit 4).  The trial court

designated Dyson a Tier III Sex Offender.  Doc. 5-1, pp. 14-15 (Exhibit 4); Doc. 5-1, p. 16

(Exhibit 5).

### B.    Motion to Dismiss for Delay in Trial

On August 3, 2009, Dyson, *pro se*, filed a Motion to Dismiss for Delay in Trial.  Doc. 5-

1, pp. 20-22 (Exhibit 8).  The State filed a response.  Doc. 5-1, pp. 29-31 (Exhibit 10).  Dyson

filed a reply.  Doc. 5-1, pp. 32-37 (Exhibit 11).  On August 24, 2009, the trial court overruled

Dyson's motion. Doc. 5-1, pp. 38-39 (Exhibit 12).  The trial court concluded that Dyson had

entered his guilty plea within the speedy trial time period and that Dyson did not raise a speedy

trial issue at the time of his plea and therefore waived the speedy trial issue.   Doc. 5-1, pp. 38-

39 (Exhibit 12).

On September 10, 2009, Dyson, *pro se*, filed a notice of appeal to the Ninth District

Court of Appeals.  Doc. 5-1, pp. 40-42 (Exhibit 13).   In his April 21, 2010, Brief, Dyson raised

the following assignments of error:[4]

> **First Assignment of Error:** The trial court erred to the prejudice of the appellant by entering a judgment that imposed a sentence without making the findings required by R.C. 2929.14.

> **Second Assignment of Error:** The trial court erred to the prejudice of the appellant by entering a judgment of conviction for rape where the State failed to produce sufficient evidence of rape.

> **Third Assignment of Error:** The trial court erred to the prejudice of appellant by not hireing or appointing expert to perform D.N.A. analysis test.

> **Fourth Assignment of Error:** The trial court erred to the prejudice of the appellant by denying his motion to dismiss for delay in trial.

---

[4] Dyson did not timely file his Brief and also filed a non-complying Brief which resulted in dismissal of his appeal. Doc. 5-1, pp. 43-47 (Exhibits 14-17).  Upon Dyson's request for reconsideration, the Ninth District Court of Appeals reinstated Dyson's appeal and provided Dyson additional time to file a complying brief.  Doc. 5-1, pp. 48-53 (Exhibits 18-20).

**Fifth Assignment of Error:** The trial court erred to the prejudice of the appellant by entering a judgment of conviction when the evidence was insufficient as a matter of law and against the manifest weight of the evidence to sustain a conviction that the appellant committed the crime of rape.

Doc. 5-1, pp. 54-68 (Exhibit 21).  The State filed its Brief.[5]  Doc. 5-1, pp. 69-82 (Exhibit 22).

Dyson filed a Reply Brief.  Doc. 5-1, pp. 85-94 (Exhibit 23).  On December 29, 2010, the Ninth

District Court of Appeals issued a decision and judgment entry dismissing Dyson's appeal in part

and affirming Dyson's conviction.  Doc. 5-1, pp. 98-102 (Exhibit 26).  With respect to Dyson's

first, second, third and fifth assignments of error, the Ninth District Court of Appeals concluded

that those assignments of error related to his April 23, 2009, plea and conviction and Dyson's

appeal as to those issues was therefore untimely and the court lacked jurisdiction to reach the

merits of those assignments of error.  Doc. 5-1, pp. 99-100 (Exhibit 26).  With respect to Dyson's

fourth assignment of error, the Ninth District Court of Appeals concluded that the trial court did

not err in denying Dyson's motion to dismiss for delay of trial.  Doc. 5-1, p. 100 (Exhibit 26).

On January 5, 2011, Dyson filed a Motion for Reconsideration of Appeal.  Doc. 5-1, pp.

103-105 (Exhibit 27).   He sought to have the court reconsider his appeal on the basis that the

trial court did not properly advise him of his appellate rights.  Doc. 5-1, pp. 103-105 (Exhibit

27).  The State did not file a response.  On March 3, 2011, the Ninth District Court of Appeals

denied Dyson's Motion for Reconsideration.  Doc. 5-1, pp. 106-107 (Exhibit 28).  The Ninth

District Court of Appeals concluded that, contrary to Dyson's assertion, he was made aware of

his right to appeal.  Doc. 5-1, pp. 106-107 (Exhibit 28).  The court indicated that, "As part of his

guilty plea, which occurred at the same hearing as the sentencing, Dyson, his counsel, the

assistant prosecuting attorney and the trial judge, all signed a document that included the

---

[5] The State also filed motions to strike Dyson's Brief and dismiss his appeal for not complying with local rules (Doc. 5-1, p. 83) and raising issues not properly before the court (Doc. 5-1, pp. 95-96 (Exhibit 24).  The Ninth District Court of Appeals denied those motions.  Doc. 5-1, p. 84; Doc. 5-1, p. 97 (Exhibit 25).

following: 'I understand my right to appeal a maximum sentence, my other limited appellate rights, and that any appeal must be filed within 30 days of my sentence.'"  Doc. 5-1, p. 106 (Exhibit 28).  Therefore, the court found that Dyson's motion did not call attention to an obvious error or raise an issue that the court did not consider properly and denied his motion for reconsideration.[6]  Doc. 5-1, pp. 106-107 (Exhibit 28).

On February 10, 2011, Dyson, *pro se*, filed a notice of appeal in the Supreme Court of Ohio (Doc. 5-1, pp. 111-112 (Exhibit 31)) and a Memorandum in Support of Jurisdiction (Doc. 5-1, pp. 113-126 (Exhibit 32)).  In his Memorandum in Support of Jurisdiction, Dyson presented the following propositions of law:

### Proposition of Law

1) First Assignment of Error

   The Trial Court erred to the prejudice of the Appellant by entering a judgment that imposed a sentence of 10 years without making proper findings required by law 2929.14.

2) The Trial Court erred to the prejudice of the appellant by entering a judgment of conviction for rape where the state failed to provide sufficient evidence for rape.

3) The Trial Court erred to the prejudice of the Appellant by not hiring an expert to perform DNA analysis.

4) The trial court erred th the appellant by denying his motion to dismiss for delay in trial.

5) The trial court erred to the prejudice of the appellant by entering a judgment of conviction when the evidence was insufficient as a matter of law and against the manifest weight of the evidence provided to sustain a conviction. That the appellant committed the crime of rape.

### Extra Proposition

---

[6] On March 9, 2011, Dyson filed a Motion to Reconsider the Denial of Appellant's Motion of Reconsideration of his Appeal.  Doc. 5-1, pp. 108-109 (Exhibit 29).  The State did not respond.  The Ninth District Court of Appeals denied Dyson's Motion to Reconsider noting, "The Rules of Appellate Procedure do not provide for the reconsideration of a motion to reconsider."  Doc. 5-1, p. 110 (Exhibit 30).

6) The Trial Court erred is the prejudice to the appellant by not complying to
Crim. R. 32(A) & (B), By not advising the appellant of his right to appeal.

Doc. 5-1, p. 118 (Exhibit 32).  The State filed a Waiver of Memorandum in Response.  Doc. 5-1,

p. 127 (Exhibit 33).  On April 20, 2011, the Supreme Court of Ohio denied leave to appeal and

dismissed Dyson's appeal as not involving any substantial constitutional questions.  Doc. 5-1, p.

128 (Exhibit 34).

### C.    Ohio App. R. 5(A) motion for delayed appeal

In May 2011, Dyson, *pro se*, filed a Notice of Appeal (Doc. 5-1, pp. 129-132 (Exhibit

35), Motion for Delayed Appeal (Doc. 5-1, pp. 133-135 (Exhibit 36), and Motion for Leave to

File a Delayed Appeal (Doc. 5-1, pp. 136-155 (Exhibit 37)).[7]  Doc. 5-1, p. 365 (Exhibit 85,

docket sheet showing 2 motions for delayed appeal being filed, 5/3/2011 and 5/23/2011).  The

State filed a Response to Dyson's Motion for Delayed Appeal.  Doc. 5-1, pp. 156-157 (Exhibit

38).  Dyson filed a reply.  Doc. 5-1, pp. 158-159 (Exhibit 39).  On June 2, 2011, the Ninth

District Court of Appeals denied Dyson's motion for delayed appeal and dismissed the attempted

appeal.  Doc. 5-1, p. 159 (Exhibit 40).  The court indicated that Dyson's earlier attempt to appeal

the trial court's April 23, 2009, order was dismissed as untimely on December 19, 2010.[8]  Doc.

5-1, p. 159 (Exhibit 40).  The court also indicated that Dyson had provided no explanation for

waiting four more months before seeking to file a delayed appeal.  Doc. 5-1, p. 159 (Exhibit 40).

On July 18, 2011, Dyson, *pro se*, filed a Notice of Appeal (Doc. 5-1, pp. 160-161 (Exhibit 41)

and a Memorandum in Support of Jurisdiction (Doc. 5-1, pp. 162-174 (Exhibit 42)) with the

---

[7] He also filed a Motion for Appointment of Counsel, Motion for Preparation of Complete Transcript of Proceedings
at State Expense, Affidavit of Indigency, and Motion to Waive Payment of Deposit.  Doc. 5-1, pp. 143-152 (Exhibit
37).

[8] In its June 2, 2011, Journal Entry, the court indicates that the date of the decision and journal entry dismissing
Dyson's prior appeal (Dist. No. 09CA0055, 2010-Ohio-6452) was December 19, 2010.  Doc. 5-1, p. 159 (Exhibit
40).  The correct date is December 29, 2010 (C.A. No. 09CA0055).  Doc. 5-1, p. 98 (Exhibit 28).

Ohio Supreme Court.  In his Memorandum in Support of Jurisdiction, Dyson presented the

following propositions of law:

1.    The Trial court erred to the prejudice of the appellant by not informing him
      of his appellate rights as prescribed by crim. R. 32(A), (B)(2).

2.    The Trial court erred to the prejudice of the appellant by entering a
      judgment of conviction for rape when the court should have considered a
      lesser degree of the offense.

Doc. 5-1, p. 168 (Exhibit 43).  The State filed a Waiver of Memorandum in Response.  Doc. 5-1,

p. 175 (Exhibit 43).  On November 2, 2011, the Supreme Court of Ohio denied leave to appeal

and dismissed Dyson's appeal as not involving any substantial constitutional questions.  Doc. 5-

1, p. 176 (Exhibit 44).

       **D.**    **Other post-conviction motions**

           **1.**       **Post-conviction motions - 2009**

On June 1, 2009, Dyson, *pro se*, filed a motion with the trial court seeking to have new

DNA tests performed.  Doc. 5-1, pp. 17-18 (Exhibit 6).  He claimed that the prior sample was

contaminated because the victim was his biological daughter and the DNA comparisons showed

too much resemblance.  Doc. 5-1, pp. 17-18 (Exhibit 6).  On June 8, 2009, the trial court denied

the motion.  Doc. 5-1, p. 19 (Exhibit 7).

In August 2009, Dyson filed various post-conviction motions including, another request

for DNA testing (Doc. 5-1, pp. 23-28 (Exhibit 9)); a Motion to Withdraw Guilty Plea (Doc. 5-1,

pp. 177-179 (Exhibit 45), a Motion for Expert Assistance (Doc. 5-1, pp. 180-182 (Exhibit 46)),

Petition to Vacate or Set Aside Judgment of Conviction or Sentence (Doc. 5-1, pp. 183-189

(Exhibit 47)), Motion for New Trial (Doc. 5-1, pp. 190-192 (Exhibit 48)), and Motion to Reduce

Sentence (Doc. 5-1, pp. 193-195 (Exhibit 49)).  The State responded to Dyson's various motions.

Doc. 5-1, pp. 196-197 (Exhibit 50); Doc. 5-1, pp. 198-204 (Exhibit 51).  On January 19, 2010,

the trial court overruled Dyson's motion for DNA; motion for withdraw of guilty plea; motion for new trial; motion for post-conviction relief; motion for discovery; motion to reduce sentence; and motion for appointment of counsel and motion for expert assistance with motion for post-conviction relief.  Doc. 5-1, pp. 205-210 (Exhibit 52).

### 2.    Post-conviction motions - 2010

On March 24, 2010, Dyson filed another Motion to Withdraw Guilty Plea.  Doc. 5-1, pp. 211-215 (Exhibit 53).  On May 12, 2010, Dyson filed a motion requesting that the trial court rule on his March 24, 2010, Motion to Withdraw Guilty Plea.  Doc. 5-1, pp. 243-244 (Exhibit 60).

On April 14, 2010, Dyson filed a Motion for Modification of Sentence (Doc. 5-1, pp. 216-217 (Exhibit 54)), which the trial court overruled on April 23, 2010 (Doc. 5-1, p. 218 (Exhibit 55)).

On April 28, 2010, Dyson filed another Petition to Vacate or Set Aside Judgment of Conviction or Sentence[9] (Doc. 5-1, pp. 219-237 (Exhibit 56)), which the trial court overruled on May 3, 2010 (Doc. 5-1, p. 238 (Exhibit 57)).

On May 12, 2010, Dyson filed a Motion to Modify Sentence (Doc. 5-1, pp. 239-241 (Exhibit 58)), which the trial court overruled on May 13, 2010 (Doc. 5-1, p. 242 (Exhibit 59)).

On June 23, 2010, Dyson filed another motion for DNA testing.  Doc. 5-1, pp. 245-253 (Exhibit 61).  On June 28, 2010, Dyson filed another Motion for Modification of Sentence.  Doc. 5-1, pp. 254-256 (Exhibit 62).

On August 5, 2010, Dyson filed a Petition for Writ of Mandamus with the Ninth District Court of Appeals wherein he sought an order requiring the trial court to provide findings of fact and conclusions of law with respect to the trial court's order overruling Dyson's April 28, 2010,

---

[9] Dyson's April 28, 2010, Petition included a Motion for Expert Assistance and Motion for Appointment of Counsel. Doc. 5-1, pp. 230-236 (Exhibit 56).

Petition to Vacate or Set Aside Judgment of Conviction or Sentence.  Doc. 5-1, pp. 257-264 (Exhibit 63).  He also sought an order requiring the trial court to issue rulings on his March 24, 2010, Motion to Withdraw Guilty Plea; June 23, 2010, motion for DNA testing; and June 28, 2010, Motion for Modification of Sentence.  Doc. 5-1, pp. 257-264 (Exhibit 63).  The State responded by filing a Motion to Dismiss arguing that Dyson had failed to state a claim upon which relief could be granted.  Doc. 5-1, pp. 265-277 (Exhibit 64).  On September 13, 2010, the Ninth District Court of Appeals concluded that Dyson had failed to comply with the requirements that pertain to an inmate's civil action against a government employee and dismissed his mandamus action.  Doc. 5-1, pp. 278-279 (Exhibit 65).

### 3. Post-conviction motions - 2011

On February 10, 2011, Dyson filed a Motion to Vacate and Correct an Improper Sentence.  Doc. 5-1, pp. 280-285 (Exhibit 66).  On May 5, 2011, Dyson filed another Motion to Correct Improper Sentence – Sentence Hearing Requested.  Doc. 5-1, pp. 286-289 (Exhibit 67); Doc. 5-1, p. 365 (Exhibit 85).  The trial court concluded that Dyson's sentence was proper and therefore overruled Dyson's request to correct improper sentence. Doc. 5-1, p. 290 (Exhibit 68).

On September 7, 2011, Dyson filed a Motion to Impose a Sentence pursuant to R.C. 2929.14 and Motion for Resentencing.  Doc. 5-1, pp. 291-294 (Exhibit 69); Doc. 5-1, p. 364 (Exhibit 85).  On September 19, 2011, the trial court denied Dyson's motion.  Doc. 5-1, p. 295 (Exhibit 70).

On October 19, 2011, Dyson filed a Motion to Withdraw Plea.  Doc. 5-1, pp. 296-298 (Exhibit 71).  On October 21, 2011, the trial court denied Dyson's motion.  Doc. 5-1, p. 299 (Exhibit 72).  In denying the motion, the trial court indicated that it had reviewed the sentencing transcript and found no error in the conduct of the proceedings.  Doc. 5-1, p. 299 (Exhibit 72).

The trial court also indicated that the following evidence as read into the record and facts did not indicate a manifest injustice:

> [D]efendant impregnated his 11-year old daughter who then had an abortion.  The DNA testing confirmed defendant was the father of the aborted fetus.  Defense counsel indicated that defendant was remorseful and did not want to put his daughter through a trial.  Defendant apologized for his actions.

Doc. 5-1, p. 299 (Exhibit 72).

On December 14, 2011, Dyson filed a Motion for Re-Sentencing Denovo (Doc. 5-1, pp. 300-303 (Exhibit 73)), which the trial court denied on December 15, 2011 (Doc. 5-1, p. 304 (Exhibit 74)).  On December 29, 2011, Dyson filed a Notice of Appeal of the trial court's December 15, 2011, order.  Doc. 5-1, pp. 305-306 (Exhibit 75); Doc. 5-1, p. 363-364 (Exhibit 85).  On February 17, 2012, Dyson filed his Brief wherein he raised the following assignments of error:

1.  The trial court erred to the prejudice of the appellant by denying his motion for re-sentencing.

2.  The trial court erred to the prejudice of the appellant by imposing a sentence beyond the maximum penalty.

3.  The trial court erred to the prejudice of the appellant by applying sentencing enhancements that do not apply to the instant case at hand.

4.  The trial court erred to the prejudice of the appellant by imposing a sentence that is clearly and convincingly contrary to law.

5.  The trial court erred to the prejudice of the appellant by failing to properly apply Foster at sentencing hearing.

Doc. 5-1, pp. 307-321 (Exhibit 76).  On March 28, 2012, the State filed its Brief.  Doc. 5-1, pp. 322-333 (Exhibit 77).  On July 16, 2012, the Ninth District Court of Appeals issued a decision and journal entry finding that Dyson's claims were barred by the doctrine of *res judicata*,

overruling Dyson's assignments of error, and affirming the decision of the trial court.  Doc. 5-1, pp. 334-336 (Exhibit 78).

On August 13, 2012, Dyson filed a Notice of Appeal (Doc. 5-1, pp. 337-338 (Exhibit 79) from the court of appeals' July 16, 2012, decision and a Memorandum in Support of Jurisdiction (Doc. 5-1, pp. 339-350 (Exhibit 80) with the Ohio Supreme Court.  In his Memorandum in Support of Jurisdiction, Dyson presented the following propositions of law:

1. Did the trial court err in incorrectly denying his motion for resentencing?

2. Did the trial court err in incorrectly applying sentence enhancements to his case that did not apply?

3. Did the trial court err in incorrectly imposing a sentence that was above and beyond the maximum penalty?

4. Did the trial court err in imposing a sentence that was contrary to law?

5. Did the trial court err by not properly applying State v. Foster, 109 Ohio St.3d 1, 2006-Ohio 856?

Doc. 5-1, p. 345 (Exhibit 80).  The State filed a Waiver of Memorandum in Response.  Doc. 5-1, p. 351 (Exhibit 81).  On November 7, 2012, the Supreme Court of Ohio denied declined jurisdiction to hear the case and dismissed Dyson's appeal as not involving any substantial constitutional questions.  Doc. 5-1, p. 352 (Exhibit 82).

**4.       Post-conviction motions – 2013**

On April 1, 2013, Dyson filed a Motion to Preclude Additional Sentence Pursuant to Sexually Violent Predator Specification R.C. 2971.01(H) (Apprendi Violation).  Doc. 5-1, pp. 353-359 (Exhibit 83).   On April 2, 2013, the trial court denied the motion to preclude additional sentence finding that there was no additional sentence and that Dyson was sentenced in accordance with O.R.C. § 2971.03(B)(1)(a).  Doc. 5-1, pp. 360-361 (Exhibit 84).   The court attached to its April 2, 2013, journal entry, a March 7, 2013, letter that had been sent by Wayne

County Court of Common Pleas Judge Corey E. Spitler to Dyson explaining that Dyson's

sentence was correct and mandatory pursuant to the statute.  Doc. 5-1, pp. 360-361 (Exhibit 84).

### III. Law

#### A.      Standard of Review under AEDPA

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No.

104-132, 110 Stat. 1214 ("AEDPA"), apply to Dyson's habeas petition because he filed it after

the effective date of the AEDPA.  28 U.S.C. § 2254.  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th

Cir. 2007).  In particular, the controlling AEDPA provision states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant
> to the judgment of a State court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings unless the adjudication of
> the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable
> > application of, clearly established Federal law, as determined by the
> > Supreme Court of the United States; or

28 U.S.C. § 2254(d).  A decision is "contrary to" clearly established federal law when the state

court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law

or decides a case differently than the Supreme Court has on a set of materially indistinguishable

facts.  *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S.

362, 412-13 (2000)).

In order to obtain federal habeas corpus relief, a petitioner must establish that the state

court's decision was "so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v.

Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011)).

This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions

in the state criminal justice systems,' not a substitute for ordinary error correction through

appeal." *Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)

(Stevens, J., concurring in judgment)).  In short, "[a] state court's determination that a claim

lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

correctness of the state court's decision." *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652,

664 (2004)).  The petitioner carries the burden of proof. *Cullen v. Pinholster*, 131 S.Ct. 1388,

1398 (2011).

### B.    Cognizability

A federal court may review a state prisoner's habeas petition only on the grounds that the

challenged confinement violates the Constitution, laws or treaties of the United States. 28 U.S.C.

§ 2254(a).  Thus, a federal court may not issue a writ of habeas corpus "on the basis of a

perceived error of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d

385 (1991); *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984); *Smith v.

Sowders*, 848 F.2d 735, 738 (6th Cir. 1988).  "The federal habeas court does not act as an

additional appellate court to review a state court's interpretation of its own law or procedure."

*Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).

### C.    Procedural Requirements

Under the AEDPA, a petitioner must meet certain procedural requirements in order to

have his claims reviewed in federal court. *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426,

430 (6th Cir. 2006).  "Procedural barriers . . . and rules concerning procedural default and

exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."

*Daniels v. United States*, 532 U.S. 374, 381 (2001).

**Exhaustion.**  A federal court may not grant a writ of habeas corpus unless the petitioner

has exhausted all available remedies in state court.  28 U.S.C. § 2254(b)(1)(A).  A state

defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)) ("[f]ederal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts"). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

**Procedural Default.** Procedural default may occur in two ways. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

First, a petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Id.* In *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit provided four prongs to be used when determining whether a claim is barred on federal habeas corpus review due to petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *See also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and

adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138)).

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (citing *O'Sullivan*, 526 U.S. at 848).  "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Williams*, 460 F.3d at 806.  While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, see *Coleman v. Thompson,* 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review.  *Williams,* 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered.  *Coleman*, 501 U.S. at 750. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'"  *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

### IV. Claims Analysis

### A.    Grounds One, Two and Four are not cognizable and/or are procedurally defaulted

#### 1.    Grounds One, Two and Four are not cognizable

In Grounds One, Two and Four, Dyson asserts in a variety of ways that the trial court improperly sentenced him to 10 years to life with a mandatory 10 years and improperly classified him as a Tier III sex offender.  Doc. 1, pp. 6-8, 11-12.   For example, he asserts the trial court

sentenced him beyond the maximum penalty provided by law; sentenced him under O.R.C. § 2971.03 even though he was not convicted under that statute;[10] and included a sentencing enhancement to give Dyson a life sentence.  Doc. 1, pp. 6-8, 11-12.

Respondent argues that Dyson's claims in Grounds One, Two and Four consist of alleged errors of state law and are not cognizable on federal habeas review.  Doc. 5, pp. 13-14.  Dyson argues that his claims in Grounds One, Two and Four are cognizable because the trial court's alleged errors in calculating his sentence constitute violations of the due process and equal protections clauses.  Doc. 10, p. 3.

A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *See Estelle*, 502 U.S. at 67-68; *Pulley*, 465 U.S. at 41; *Smith v. Sowders*, 848 F.2d at 738.  This includes alleged errors of state sentencing laws.  *See Wilcox v. Littlefield*, 1995 U.S. App. LEXIS 4724, *5 (6th Cir. 1995) (concluding, petitioner's "claim that he was improperly sentenced to an indefinite term of imprisonment is not cognizable in a habeas corpus proceeding [because] [f]ederal courts may not review claims that a state court failed to adhere to state statutory sentencing procedures.") (citing *Branan v. Booth*, 861 F.2d 1507, 1508 (11 th Cir. 1988)); *see also Wilson v. Warden, Ross Corr. Inst.*, 2013 U.S. Dist. LEXIS 181181, *52-53 (N.D. Ohio July 10, 2013), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 181179 (Dec. 30, 2013) ("a claim that the trial court violated state law when sentencing a prisoner . . . is

---

[10] Dyson recognizes that he was convicted under O.R.C. § 2907.02(A)(1)(b).  Doc. 10, p. 3.  He argues that he should have been sentenced under O.R.C. § 2929.14.  Doc. 10, pp. 3-4.  However, O.R.C. § 2907.02(B) provides in part that, "Except as otherwise provided in this division, notwithstanding sections 2929.11 to 2929.14 of the Revised Code, an offender under division (A)(1)(b) of this section shall be sentenced to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code."  *See* O.R.C. § 2907.02(B).

not cognizable in a federal habeas corpus proceeding.") (citing *Mayse v. Morrow*, 2008 U.S. Dist. LEXIS 22711 at *25 (M.D. Tenn. Mar. 20, 2008)).[11]

Although Dyson has included references to the due process and equal protection clauses when arguing Grounds One, Two and Four, a review of Dyson's claims demonstrates that, in those grounds for relief, his challenge is to the state court's application of state sentencing laws. Accordingly, the undersigned recommends that the Court find that Grounds One, Two and Four are not cognizable on federal habeas review and therefore should be dismissed.[12]

## 2.    Grounds One, Two and Four are procedurally defaulted

Alternatively, Respondent also argues that Grounds One, Two and Four, including Dyson's sentencing claims and ineffective assistance of counsel claims, are procedurally defaulted because Dyson failed to timely file a timely notice of appeal from his April 23, 2009, conviction and sentence and further that Dyson is unable to demonstrate cause and prejudice or a manifest miscarriage of justice to overcome his procedural default. Doc. 5, pp. 20-24. Dyson argues that he presented all of his claims in Grounds One, Two and Four to the state courts on multiple occasions but that his claims were "denied as not well taken, denied as untimely, or not involving a constitutional question." Doc. 10, p. 4.

In the current matter, Dyson's claims in Grounds One, Two and Four are procedurally defaulted because he did not timely appeal his conviction and sentence to the state appellate

---

[11] As noted in *Wilson*, in *Mayse*, the court "noted that '[i]t does not appear that [t]he Sixth Circuit has held in a published opinion that violations of state law in sentencing is not cognizable in a federal habeas proceeding. However the Sixth Circuit has so held in numerous unpublished opinions. *See Terry v. Trippett*, No. 94-2077, 1995 U.S. App. LEXIS 23150, 1995 WestLaw 469424, at *1 (6th Cir. (Mich.)); *Lunsford v. Hofbauer*, No. 94-2128, 1995 U.S. App. LEXIS 9479, 1995 WestLaw 236677, at * 2 (6th Cir. (Mich.)); *Wilcox v. Littlefield*, No. 94-3625, 1995 U.S. App. LEXIS 4724, 1995 WestLaw 98822, at * 2 (6th Cir. (Ohio)); *Cheatham v. Hosey*, No. 93-1319, 1993 U.S. App. LEXIS 30105, 1993 WestLaw 478854, at * 2 (6th Cir. (Mich)); *Johnson v. Abramajtys*, No. 91-1465, 1991 U.S. App. LEXIS 30356, 1991 WestLaw 270819, at * 10 (6th Cir. (Mich.))." *Wilson*, 2013 U.S. Dist. LEXIS 181181, *53, n. 11.

[12] To the extent that Dyson has attempted to raise an ineffective assistance of counsel claim as part of Ground Two (Doc. 1, pp. 7-8), as discussed below, Dyson procedurally defaulted that claim.

court.  Under Ohio App. R. 4(A), Dyson had 30 days from the date of his conviction in the trial court to appeal to the state appellate court.  *See* Ohio App. R. 4(A) (providing in part that a notice of appeal shall be filed "within thirty days of . . . the judgment or order appealed").  Dyson entered a guilty plea as to Count One and he was convicted and sentenced on April 23, 2009, but he did not file a notice of appeal within 30 days of that date.  Doc. 5-1, pp. 14-15 (Exhibit 4).

In May 2011, Dyson, *pro se*, filed a Notice of Appeal (Doc. 5-1, pp. 129-132 (Exhibit 35), Motion for Delayed Appeal (Doc. 5-1, pp. 133-135 (Exhibit 36), and Motion for Leave to File a Delayed Appeal (Doc. 5-1, pp. 136-155 (Exhibit 37)).  Doc. 5-1, p. 365 (Exhibit 85, docket sheet showing 2 motions for delayed appeal being filed, 5/3/2011 and 5/23/2011).   Ohio App.R. 5(A) requires that a motion for delayed appeal set forth the reasons for the failure of the appellant to perfect an appeal as of right.  In seeking a delayed appeal, Dyson argued that the trial court failed to advise him of his appellate rights and did not provide him with counsel.  Doc. 5-1, p. 134 (Exhibit 134); Doc. 5-1, p. 139 (Exhibit 37).

On June 2, 2011, the Ninth District Court of Appeals denied Dyson's motion for delayed appeal and dismissed the attempted appeal.  Doc. 5-1, p. 159 (Exhibit 40).  The court stated in part:

> According to Mr. Dyson, this appeal is untimely because he was unaware of his right to appeal.  Mr. Dyson, however, previously attempted to appeal the April 23, 2009, order in 2009.  Furthermore, that appeal was dismissed as untimely on December 19, 2010.[13]    See *State v. Dyson, 9th*, Dist. No. 09CA0055, 2010-Ohio-6452.  Mr. Dyson has provided no explanation for waiting four more months before seeking a delayed appeal.

Doc. 5-1, p. 159 (Exhibit 40).

---

[13] *See* FN 8 above.

The foregoing demonstrates that the first three *Maupin* prongs are satisfied: (1) there is a state procedural rule applicable to Dyson's claim and he failed to comply with that rule, i.e., Dyson failed to timely appeal from his April 23, 2009, conviction and sentence; (2) the state court enforced the procedural rule, i.e., the state court determined that Dyson had failed to timely appeal from his conviction and sentence and therefore lacked jurisdiction (Doc. 5-1, p. 99 (Exhibit 26)); and (3) the state procedural rule is an adequate and independent state ground on which the state can foreclose review of a federal constitutional claim, i.e., the Ohio Court of Appeals denied Dyson's motion for a delayed appeal under Ohio App.R. 5(A) (Doc. 5-1, p. 159 (Exhibit 40)), which is an adequate and independent state ground to deny federal habeas corpus review. *See Stone v. Moore,* 644 F.3d 342, 348 (6th Cir.2011)).  Accordingly, since the first three prongs of *Maupin* are met, the issue under the fourth *Maupin* prong is whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Maupin,* 785 F.2d at 138.

With respect to Ground One, Dyson asserts that his direct appeal was filed five months late because "the trial court failed to inform the defendant of his rights to appeal, nor did the court appoint counsel for purpose of appeal, or provide defendant with the proper paperwork needed for the purpose of appeal."[14]  Doc. 1, p. 6.

"The United States Supreme Court has held that a 'district court's failure to advise the defendant of his right to appeal does not entitle him to habeas relief if he knew of his right and hence suffered no prejudice from the omission." *Allen v. Jeffreys*, 2008 WL 746671, *6 (N.D. Ohio Mar. 18, 200*8) (citing *Peguero v. United States*, 526 U.S. 23, 24, 119 S.Ct. 961, 143

---

[14] Dyson does not assert cause for not timely raising Ground Two or Ground Four, nor does he offer a response to Respondent's argument that he cannot demonstrate cause because he signed a plea form that included a statement that he understood his right to appeal and other limited appellate rights.

L.Ed.2d 18 (1999).  Further, "[i]t has been held that 'due process is offended when a defendant who pled guilty is kept completely ignorant of his appellate rights."  *Crouse v. Bradshaw*, 2013 WL 5774702, *14 (N.D. Ohio Oct. 23, 2013) (citing *Wolfe v. Randle*, 267 F.Supp.2d 743, 746-748 (S.D. Ohio 2003).  As discussed below, Dyson has not demonstrated, nor does the record support his claim, that he was not advised of his right to appeal and therefore his procedural default should not be excused.  *Crouse v. Bradshaw*, 2013 WL 5774702, *14 (N.D. Ohio Oct. 23, 2013) ("Petitioner bears the burden of showing by a preponderance of the evidence that he was not advised of his rights) (citing *Faught v. Cowan*, 507 F.2d 273, 275 (6th Cir. 1974), *cert. denied*, 421 U.S. 919, 95 S.Ct. 1583, 43 L.Ed.2d 786 (1975)).

Here, the plea form signed by Dyson while represented by trial counsel included the following statement: "I understand my right to appeal a maximum sentence, my other limited appellate rights, and that any appeal must be filed within 30 days of my sentence."  Doc. 5-1, p. 13 (Exhibit 3).  Further, during the April 23, 2009, change of plea/sentencing hearing, Dyson acknowledged that he had signed the change of plea form and had had an opportunity to review the form with his counsel.  Doc. 6, p. 6.  Dyson also indicated that he had obtained a GED and two years of college.  Doc. 6, p. 4.

Dyson has failed to demonstrate that he was not aware of his right to appeal and the time for filing an appeal.  Moreover, the plea form apprised him of his right to appeal and the change of plea/sentencing transcript shows that Dyson has a GED and two years of college and he reviewed the plea form with his counsel.  Doc. 6, pp. 4, 6.  Thus, Dyson's argument that he was not notified of his right to appeal or other appellate rights is without merit because it is unsupported by the record.  *Cf. Warren v. Warden, Noble Corr. Inst.*, 2008 WL 1732976, *12-14 (S.D. Ohio Apr. 10, 2008) (rejecting a petitioner's claim that he had not been informed of his

21

right to appeal where the petitioner had signed two guilty plea agreements indicating he had been advised of his right to appeal and the time limit for filing an appeal and the record reflected that he had understood and discussed with counsel the guilty plea agreement); *Allen v. Jeffreys*, 2008 WL 746671, *6 (N.D. Ohio Mar. 18, 2008) (rejecting a petitioner's claim that he had not been informed of his right to an appeal where he signed guilty pleas that included the following language: "I understand my right to appeal a maximum sentence, my other limited appellate rights and that any appeal must be filed within 30 days of my sentence[;]" he did not have questions for his attorney, the court or the prosecution; he had discussed the form with his counsel; and he indicated he had no problems reading or understanding English).  Accordingly, Dyson cannot rely on a claimed lack of notice of appellate rights to overcome his procedural default.[15]

Further, Dyson has not attempted to, nor can he, demonstrate that his procedural default should be overcome on the basis that he is actually innocent such that Grounds One, Two and Four should be considered in order to prevent a miscarriage of justice.  A claim of actual innocence requires a showing of "new reliable evidence" and requires a showing of factual innocence, not mere legal insufficiency.  *See Schulp v. Delo*, 513 U.S. 298, 324 (1995); *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998) for the proposition that "actual innocence means factual innocence, not mere legal insufficiency") (internal quotations omitted).  Dyson has not submitted "new reliable evidence" sufficient to establish an actual innocence claim.  Moreover, Dyson's guilty plea and statements made during the sentencing hearing contradict any claim of actual innocence.  For example, at

---

[15] Where a "petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice."  *Crouse v. Bradshaw*, 2013 WL 5774702, *13 (N.D. Ohio Oct. 23, 2013) (citing *Smith v. Murray*, 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

the sentencing hearing, Dyson apologized stating, "I wish that I could turn back the hands of time but unfortunately I can't. I'm very sorry for what happened." Doc. 6, p. 9. Also, Dyson's trial counsel indicated that Dyson had communicated to him on numerous occasions that he took full responsibility and that he did not want to put his child through a trial. Doc. 6, p. 10.[16]

For the reasons set forth above, the undersigned recommends that the Court find that Grounds One, Two and Four are procedurally defaulted and therefore should be dismissed.

### B. Ground Three is procedurally defaulted

In Ground Three, Dyson asserts as a separate claim the argument that he relies upon to demonstrate "cause" for the procedural default of Grounds One, Two and Four, i.e., that he was not properly advised of his appellate rights. Doc. 1, p. 9; Doc. 10, pp. 4-5. Respondent argues that Ground Three is procedurally defaulted and Dyson cannot establish cause and prejudice for the default or a fundamental miscarriage of justice if Ground Three is not considered. Doc. 5, pp. 22-24.

Following the Ninth District Court of Appeals' December 29, 2010, decision and entry dismissing as untimely Dyson's appeal of his first, second, third and fifth assignments of error which related to his April 23, 2009, plea and conviction[17] (Doc. 5-1, pp. 98-102 (Exhibit 26)), in an attempt to have the court reconsider his appeal, Dyson raised a claim that the trial court had not properly advised him of his appellate rights in his January 5, 2011, Motion for Reconsideration (Doc. 5-1, pp. 103-105 (Exhibit 27).[18] On March 3, 2011, the Ninth District

---

[16] Also, at the sentencing hearing, the trial court advised Dyson that the offense to which he was pleading carried a "10 to life sentence." Doc. 6, p. 6.

[17] With respect to Dyson's fourth assignment of error, the Ninth District Court of Appeals concluded that the trial court did not err in denying Dyson's motion to dismiss for delay of trial. Doc. 5-1, p. 100 (Exhibit 26).

[18] He did not present his claim as a separate or new assignment or error. He requested that the Ninth District Court of Appeals reconsider its December 29, 2010, decision dismissing his first, second, third and fifth assignments of error as untimely on the basis that the trial court had not informed Dyson of his right to appeal. Doc. 5-1, pp. 103-105 (Exhibit 27).

Court of Appeals denied Dyson's Motion for Reconsideration concluding that, contrary to his assertion, Dyson was apprised of his right to appeal.  Doc. 5-1, pp. 106-107 (Exhibit 28).  In reaching its determination, the court stated:

> As part of his guilty plea, which occurred at the same hearing as the sentencing, Dyson, his counsel, the assistant prosecuting attorney and the trial judge, all signed a document that included the following: "I understand my right to appeal a maximum sentence, my other limited appellate rights, and that any appeal must be filed within 30 days of my sentence."

Doc. 5-1, p. 106 (Exhibit 28).

Dyson's subsequent attempt to file a delayed appeal was rejected by the Ninth District Court of Appeals.  Doc. 5-1, p. 159 (Exhibit 40).  The Ninth District Court of Appeals indicated that Dyson's prior attempt to appeal was dismissed as untimely on December 19, 2010,[19] and that Dyson had failed to provide an explanation for waiting four months before seeking a delayed appeal.[20]  Doc. 5-1, p. 159 (Exhibit 40).

As discussed above, by determining that Dyson had failed to timely appeal from his conviction and sentence, the state court enforced its procedural rule with respect to timely filing appeals (Doc. 5-1, p. 99 (Exhibit 26)) and the Ohio Court of Appeals' decision denying Dyson's motion for a delayed appeal under Ohio App.R. 5(A) can serve as an adequate and independent state ground under *Maupin* to deny federal habeas corpus review. *See Stone v. Moore,* 644 F.3d 342, 348 (6th Cir.2011); *see also Curley v. Bradshaw*, 2013 WL 4046381, * 3, 7 (N.D. Ohio Aug.* 2013) (finding petitioner's claim that he was denied due process because the trial court failed to advise him of his right to appeal and that he could pursue an appeal with the assistance

---

[19] *See* FN 8 above.

[20] As he failed to do in state court, Dyson does not provide this Court with an explanation as to why he waited four months before seeking leave to file a delayed appeal after being advised that his appeal was untimely.

of counsel was procedurally defaulted where he had not raised the claim as a separate ground in the state courts and the state court had denied his motion for delayed appeal).

Since Dyson has failed to demonstrate that he was not provided notice of his right to appeal and the time for filing an appeal, Dyson has not established cause to overcome his procedural default,[21] nor can he demonstrate that his the procedural default should be overcome on the basis that he is actually innocent such that Ground Three should be considered in order to prevent a miscarriage of justice.[22]

---

[21] Where a "petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice." *Crouse v. Bradshaw*, 2013 WL 5774702, *13 (N.D. Ohio Oct. 23, 2013) (citing *Smith v. Murray*, 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

[22] As discussed herein, Dyson has failed to demonstrate that he was unaware of his appellate rights. "[D]ue process is offended when a defendant who pled guilty is kept completely ignorant of his appellate rights." *Wolfe v. Randle*, 267 F.Supp.2d 743, 746-748 (S.D. Ohio 2003).  However, unlike in the *Wolfe* case where it was determined that petitioner was never advised of any appeal rights, here, Dyson was informed of his right to appeal.  *See* Doc. 5-1, p. 13 (Exhibit 3) (Guilty Plea); Doc. 5-1, p. 106 (Exhibit 28) (Ninth District Court of Appeals March 3, 2011, Entry finding that Dyson had been made aware of his right to appeal).  Accordingly, even if it was determined that Dyson did not procedurally default Ground Three, Dyson would be unable to demonstrate merit to Ground Three. *See e.g.*, *Moss v. Warden, Lebanon Corr. Inst.*, 2010 WL 3703273 (S.D. Ohio June 7, 2010), *report and recommendation adopted by*, 2010 WL 3703284 (S.D. Ohio Sept. 16, 2010) (finding that petitioner's claim that he was deprived of due process because the trial court did not advise him of any appellate process and of the thirty day time limit for filing an appeal was without merit in part because his claim was factually contradicted by the record which showed that, as part of his guilty plea, he acknowledged that he understood his appeal rights).

## V. Conclusion and Recommendation

For the reasons stated above, Dyson's grounds for relief are not cognizable and/or are procedurally defaulted.  Accordingly, the undersigned recommends that Respondent's Motion to Dismiss (Doc. 5) be **GRANTED** and Dyson's habeas petition (Doc. 1) be **DISMISSED WITH PREJUDICE**.

Dated: May 15, 2014

_____
Kathleen B. Burke
United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).