UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES DYSON, ) | CASE NO. 5:13CV321 |
| ) | |
| Petitioner, ) | JUDGE JOHN R. ADAMS |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER AND DECISION** |
| TERRY TIBBALS, Warden[1], ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter appears before the Court on Mr. Charles Dyson's *pro se* objections to Magistrate Judge Burke's Report and Recommendation filed on May 15, 2014. (Doc. 12). Mr. Dyson's Objection to the Report is little more than an attempt to reargue his petition and response, restating his arguments regarding his failure to file a timely petition. For the following reasons, Mr. Dyson's objections are OVERRULED, and the Court ADOPTS the Magistrate Judge's Report. (Doc. 11). Thus, Mr. Dyson's habeas petition is DISMISSED WITH PREJUDICE.

**I. FACTS**

---

[1] When filing his Motion to Dismiss on September 16, 2013, Respondent indicated that Dave Marquis was the Acting Warden of the Mansfield Correctional Institution, the institution where Mr. Dyson was incarcerated; he indicated that starting October 6, 2013, Al Lazaroff would be the Warden. (Doc. 5, p. 1). Subsequently, on October 21, 2013, Mr. Dyson filed an address change, indicating that his address was 940 Marion-Williamsport Rd, Marion, OH 44301 (Doc 9) and, in his December 2, 2013, Opposition to Respondent's Motion to Dismiss, Mr. Dyson states that he is at Marion Correctional Institution and that Jason Bunting is the Warden (Doc. 10, p. 2).

The Magistrate's Report adequately states the factual background and procedural history of this matter.  Mr. Dyson has demonstrated no error in that background and history. Therefore, the Court will not reiterate those sections herein.

## II. STANDARD OF REVIEW

### A. Objections to a Magistrate Judge's Report and Recommendation

If a party files written objections to a magistrate judge's report and recommendation, the court must perform a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636 (b)(1)(C).

### B. Petition for a Writ of Habeas Corpus

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the Court's review of the instant case because Mr. Dyson filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 after the Act's effective date of April 26, 1996. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).

The AEDPA sets forth the standard of review for the merits of a petition for a writ of habeas corpus. The controlling AEDPA provision provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States …

2

28 U.S.C. 2254(d). Habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011) (internal citations omitted)). Consequently, federal courts apply a deferential standard of review when deciding whether to grant a writ of habeas corpus; Mr. Dyson has the burden of establishing that the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, 132 S.Ct 26, 27 (2011) (quoting *Richter*, 131 S.Ct. at 786-87 (2011)).

## III. LAW

### A. Cognizability

For a federal court to review a state prisoner's habeas petition, the claims must be cognizable; thus, the petition must challenge that the confinement violates the Constitution, laws, or treaties of the United States. 28 U.S.C. §2254 (a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988).

### B. Exhaustion Requirement

Before a federal court can grant a writ of habeas corpus, a petitioner must exhaust all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). He must fairly present his constitutional claims to the state's highest court before raising them in federal court. 28 U.S.C. § 2254(b), (c).

3

### C. Procedural Default

If a petitioner fails to follow the state's ordinary appellate procedures, the alleged error may be procedurally defaulted and prohibited from review by a federal court. As the Sixth Circuit held in *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006), procedural default may occur in two ways. First, procedural default occurs if the petitioner fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Id*. A federal court must conduct a four-prong analysis to determine whether a claim is barred on federal habeas review due to petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to the petitioner's claim and whether the petitioner failed to comply with that rule; (2) whether the state courts actually enforced the state procedural rule; (3) whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

The second way a petitioner procedurally defaults a claim is by "failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)).

As the Magistrate's Report notes, Mr. Dyson has satisfied the exhaustion requirement, as there are no further state remedies available to him. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). However, Mr. Dyson failed to present his federal claims in state court; this constitutes a procedural default on those claims, barring federal court review. *Williams* 460 F.3d at 806. To overcome this procedural bar, Mr. Dyson must show cause for the default and actual prejudice that resulted from the alleged violation of federal law, or he must show that he is actually

innocent. *Coleman*, 501 U.S. at 750. If Mr. Dyson fails to show cause for his default, the issue of prejudice need not be addressed. *Crouse v. Bradshaw*, 2013 WL 5774702, *13 (N.D. Ohio Oct. 23, 2013) (citing *Smith v. Murray*, 477 U.S. 527, 106 (1986).

### IV. CLAIMS ANALYSIS

**A. Mr. Dyson Objects to the Magistrate Judge's Conclusion that Mr. Dyson Knew of His Appellate Rights and Failed to File a Timely Notice of Appeal After Being Sentenced.**

Mr. Dyson's argument that he was not notified of his appellate rights is without merit because it is unsupported by the record. While represented by trial counsel, Mr. Dyson signed a plea agreement that stated: "I understand my right to appeal a maximum sentence, my other limited appellate rights, and that any appeal must be filed within 30 days of my sentence." (Doc. 5-1, p. 13 (Exhibit 3)). He later acknowledged that he signed the plea agreement and had been given the opportunity to review it with counsel. (Doc. 6, p. 6). Therefore, Mr. Dyson cannot rely on a lack of notice of appellate rights to show cause for, and to overcome, his procedural default. (Doc. 11, pp. 21-22).

Also, as the Magistrate's Report notes, the record contradicts any claim of actual innocence. (Doc. 11, p. 22). Further, Mr. Dyson does not provide any evidence of actual innocence in his Objection to the Report. (Doc. 12). Thus, Mr. Dyson is unable to demonstrate cause and prejudice or a manifest miscarriage of justice to overcome his procedural default. (Doc. 11, p. 18). The Court agrees with the Magistrate's Report that Mr. Dyson was provided notice of his right to appeal and that he has not established cause to overcome his procedural default. (Doc. 11, p. 25). Accordingly, Mr. Dyson's objection is overruled.

> **B. Mr. Dyson Objects to the Magistrate Judge's Conclusion that Mr. Dyson Failed to File a Timely Notice of Appeal After Being Sentenced; Mr. Dyson Alleges that he had Inadequate Access to a Law Library.**

In his Objection to the Magistrate Judge's Report and Recommendation, Mr. Dyson claims that after arriving at Lorain Correctional Institution on April 23, 2009, he had no access to the Institutional Library or Law Library for between 20 to 30 days. (Doc. 12, p. 2). This marks the first time Mr. Dyson raises the issue of inadequate access to a library. Issues raised for the first time in an Objection to a Magistrate Judge's Report are deemed waived. *Murr v. U.S.*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing, inter alia, *U.S. v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)). As such, the Court need not consider the merits of this objection. Accordingly, Mr. Dyson's objection is overruled.

> **C. Mr. Dyson Objects to Being Sentenced Under O.R.C. 2907.02(A)(1)(b).**

As the Magistrate's Report correctly notes, a federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law," including alleged errors of state sentencing laws. *See Wilcox v. Littlefield*, 1995 U.S. App. LEXIS 4724, *5 (6th Cir. 1995). Therefore, Mr. Dyson's objection regarding sentencing is not cognizable on federal habeas review, and thus, is overruled.

**V. CONCLUSION**

For the reasons stated above, the Court finds no merit in the objections raised by Mr. Dyson; thus, his objections are OVERRULED. The Court hereby ADOPTS Magistrate Judge Burke's Report and Recommendation. Accordingly, Mr. Dyson's petition for a writ of habeas corpus is hereby DISMISSED WITH PREJUDICE.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


June 25, 2014                             */s/ John R. Adams*
                                          Judge John R. Adams
                                          UNITED STATES DISTRICT COURT